## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  07-00040 |
| | : | |
| JOHN JACKEY WORMAN | : | |

## M E M O R A N D U M

**STENGEL, J.**                                               **August 28, 2008**

On July 24, 2008, a federal grand jury returned a superceding indictment charging

John Jackey Worman with fifty-five counts of using a minor to produce visual depictions

of sexually explicit conduct in violation of Title 18 of the United States Code, Sections

2251(a) and (e), and one count of possession of child pornography in violation of Title 18

of the United States Code, Section 2252(a)(4).  Worman filed a motion for severance of

misjoined counts and defendants[1] pursuant to Rule 8, or for relief from prejudicial joinder

pursuant to Rule 14 of the Federal Rules of Criminal Procedure.  The government has

responded.  For the following reasons, I will deny the motion in its entirety.

Worman argues that he is being charged with four categories of "unrelated

offenses" of a highly distinct character which have arisen at diverse times, spanned

---

[1]  In the counts involving the production of child pornography, Worman is joined by two co-defendants:  Dorothy Prawdzik is charged in Counts 11 through 25; Concetta Jackson is charged in Counts 26 through 55.  Worman is the sole defendant charged with possession of child pornography.

different periods, and involved different victims.[2]  In fact, he argues, because he is the only common thread in the charges, there is little or no evidentiary overlap between them.

Worman insists that he receive a separate trial for each of these four "categories" because evidence of the distinct offenses presented to the same jury would result in the jury becoming so inflamed that there would be an increased tendency to find him guilty of all charges.  He stresses that the indictment lacks the requisite connection or transactional nexus between the counts.

Worman also argues that joinder of his co-defendants is improper because it is not apparent on the face of the indictment that all of the defendants were part of the same series of acts, or that the offenses charged were part of one overall scheme about which all defendants knew and in which they all participated.  Worman insists that the charges here set forth different combinations of defendants, different victims and factually distinct means and methods, and thus he should receive a separate trial.[3]

---

[2]  These four categories are: (1) counts involving images of sex acts with Worman and teenaged girls; (2) other counts involving images of Prawdzik undressing children; (3) others involving pictures taken by a camera hidden in the bathroom that show the children using the facilities; (4) and still others involving images of Worman having sex with infants.

[3]  For example, Worman argues that the counts involving the hidden camera are separate and distinct from the remaining images in the indictment.  These images, however, depict minor victims as they showered, bathed, and used the facilities, and as such, are classified as acts of "child molestation," as defined by Congress in the Child Pornography and Prevention Act of 1996, Pub. L. No. 104-208, and Rule 414(d)(2) of the Federal Rules of Evidence.  Moreover, these images are certainly of a similar character and part of the same series of acts as the defendant's sexual abuse of all the other children named in the indictment.  See United States v. Hersh,  297 F.3d 1233, 1242 (11th Cir. 2002) (defendant's acts of traveling to engage in sexual activity with a minor and possession of child pornography were ruled to be similar, in that they

(continued...)

Rule 8 of the Federal Rules of Criminal Procedure governs joinder of both offenses and defendants.  In a case with multiple defendants, however, only Rule 8(b) applies.  The Third Circuit has held that "Rule 8(a)[4] 'dealing with the joinder of offenses, applies only to prosecutions involving a single defendant' and that in a multi-defendant case such as this, 'the tests for joinder of counts and defendants are merged in Rule 8(b).'"  United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003) (quoting United States v. Somers, 496 F.2d 723, 729 n.8 (3d Cir. 1974)).  Rule 8(b) provides that:

> The indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

See United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. 1991) (as long as the crimes charged are allegedly a single series of acts or transactions, separate trials are not

---

[3](...continued)
reflected his repeated participation in the sexual exploitation of minors); United States v. Bentley, 475 F.Supp.2d 852, 858-59 (N.D. Iowa 2007) (defendant's prior acts of sexual molestation of two minor victims was admissible in defendant's trial for manufacturing and transportation of child pornography, because "the child pornographer, like the child rapist, displays a sexual interest in children"); United States v. Riccardi, 258 F.Supp.2d 1212, 1230 (D. Kan. 2003) (where the court upheld joinder, recognizing that offenses of possession of child pornography and attempt to induce a minor to engage in an illegal sex act differed "slightly," but that the underlying culpable conduct was the same: an intent to engage in sexual activity with a child).

[4] Rule 8(a) provides that "the indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  (footnote added).

required).  While each defendant need not be charged with each act in the series, it must

be shown that a logical relationship among the offenses exists for the defendants to be

properly joined.  See United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (joinder

proper where court found connection between offenses, despite the fact that the

defendants were each charged with drug possession that had nothing to do with the

possession by the other defendants).

As Worman properly noted, he is a common thread running throughout all of the

charges in this superceding indictment.  He is not, however, the only common thread.

There are many others.  The charges here stem from the same series of acts involving the

sexual abuse and exploitation of children.  Worman is charged with fifty-five counts of

the same offense.  Worman is the same defendant named in all fifty-five counts involving

the use of minors to produce visual depictions of sexually explicit conduct.  For all of

those offenses, Worman either took photographs or videotaped the acts.  In a majority of

the offenses, he is seen fondling his minor victims and having sexual relations with them.

Worman then uploaded all of these pictures and/or videotapes to his computer.  All of this

abuse was allegedly committed where Worman was living at the time.  Even the class of

victims named in all fifty-five counts is the same:  they are children to whom Worman

had access in his home.  Six of the victims are his stepchildren, four are relatives of co-

defendant Prawdzik who were in the care of Prawdzik and Worman at the time of the

abuse, and the remaining two victims were children whom co-defendant Jackson was

4

babysitting in the home that she shared with Worman.  His co-defendants both assisted him during the production of the visual depictions.

The time frame in which Worman allegedly committed each of these offenses also overlaps.  The offenses were allegedly committed from 2001 through 2005.  There is a time overlap between the individual charges and victims, including an overlap between the four distinct "categories."  For example, the dates alleged in Counts 1 through 10, where Worman is the sole defendant, range from March 5, 2001 through October 3, 2002.  The range in Counts 11 through 25, where Worman is joined by co-defendant Prawdzik, is from September 2001 through August 2002.  The dates in Counts 26 through 55, where Worman is joined by co-defendant Jackson, range from October 21, 2002 through October 26, 2005.  Thus, there exists a continuity and logical relationship among these offenses sufficient enough to conclude that they were part of the same series of acts or transactions.

Further, because joinder is designed for judicial economy, an important factor in determining whether transactions are connected is whether evidence supporting the separate counts sufficiently overlaps so that the same evidence would be admissible at separate trials.  U.S. v. Sumler, 294 F.3d 579, 584 (3d Cir. 2002) (joinder of drug and gun counts proper because evidence was "inextricably intertwined").  Here, much of the same evidence would have to be introduced and many of the same witnesses would have to be called in multiple trials.  For example, the same police officers, FBI agents, forensic

analysts, lay witnesses, and even some of the same victims would be forced to testify

repeatedly regarding the same alleged sexual abuse by Worman.

Moreover, severance is not required when a case is "relatively straightforward and

discrete, not involving overly technical or scientific issues." United States v. Lore, 430

F.3d 190, 205 (3d Cir. 2005) (affirming denial of a motion to sever in a case involving

three methods to embezzle union funds).  Here, although numerous, the charges against

Worman are easily understandable and are neither technical nor scientific in nature.  A

properly instructed jury presented with well-organized evidence will be able to

compartmentalize the evidence against each defendant.

It is also important to note that if the offenses and/or defendants were severed,

evidence on each of these counts would still be admissible in each of the separate trials as

evidence of the defendants' motive or intent, for example, pursuant to FED.R.EVID.

404(b), and more significantly, their propensity to commit the charged crimes pursuant to

FED.R.EVID. 414.  Generally, evidence of other crimes, wrongs, or prior bad acts is not

admissible to prove character or demonstrate action in conformity with those acts, but

may be admitted "for other purposes such as proof of motive, opportunity, intent,

preparation, plan, knowledge, identity, or absence of mistake or accident."  FED. R. EVID.

404(b).  Moreover, Federal Rules of Evidence 413-415 "establish exceptions to the

general prohibition on character evidence in cases involving sexual assault and child

molestation." Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 151 (3d Cir. 2002).  Thus, in

child molestation cases, evidence of prior acts potentially is admissible under both Rule 414 or one of the exceptions to Rule 404(b). Accordingly, severance of these offenses is improper because the jury in each of the separate trials would still be entitled to hear evidence of all of the acts of molestation of each of the twelve named victims.

Worman alternatively asks for separate trials pursuant to Rule 14(a)[5] of the Federal Rules of Criminal Procedure because, he argues, his case lacks commonality among the four distinct, unrelated categories of offenses, allegations of a common scheme or design, identity of victims, and similarity of circumstances.

The United States Supreme Court has stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because joint trials "promote efficiency and 'serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro v. United States, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 210 (1987)); see also United States v. Lane, 474 U.S. 438, 449 (1986) (joint trials of defendants named in a single indictment are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial"). Consistent with those aims, a court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury

---

[5] Rule 14(a) provides that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

from making a reliable judgment about guilt or innocence."  Zafiro, 506 U.S. at 539.  In determining whether severance is appropriate, "[a] claim of improper joinder under FED. R. CRIM. P. 14 must 'demonstrate clear and substantial prejudice.'"  United States v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1987) (quoting United States v. Sebetich, 776 F.2d 412, 427 (3d Cir. 1985)).  "The issue is not whether the evidence against a co-defendant is more damaging but rather whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'"  United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005) (citing United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)).

Prejudice should not be found in a joint trial simply because not all evidence adduced is germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than to others.  United States v. Balter, 91 F.3d 427, 433 (3d Cir. 1996) (citing United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993).  Rather, the court must consider whether the evidence can reasonably be compartmentalized by the jury as it relates to each defendant.  United States v. Sandini, 888 F.2d 300, 307 (3d Cir. 1989).  "A prejudicial spillover," however, is unlikely where "there is substantial independent evidence of a defendant's guilt."  Id. at 307-08.

Nor is a defendant entitled to severance merely because he may have a better chance of acquittal in a separate trial.  Zafiro, 506 U.S. at 540.  Rather, a defendant seeking to succeed on a motion for severance must "pinpoint 'clear and substantial

8

prejudice' resulting in an unfair trial." <u>United States v. McGlory</u>, 968 F.2d 309, 340 (3d

Cir. 1992) (quoting <u>Eufrasio</u>, 935 F.2d at 568).  Given the preference for joint trials noted

above, the Supreme Court has held that when defendants are properly joined under Rule

8(b), a district court should grant a Rule 14 motion for severance only "if there is a

serious risk that a joint trial would compromise a specific trial right of one of the

defendants, or prevent the jury from making a reliable judgment about guilt or

innocence." <u>Zafiro</u>, 506 U.S. at 539.

  The Third Circuit has noted that prejudice sufficient to warrant severance might

occur in the following situations, none of which are germane here: (1) a complex case

involving many defendants with markedly different degrees of culpability; (2) a case

where evidence that is probative of one defendant's guilt is technically admissible only

against a co-defendant; and (3) a case where evidence that exculpates one defendant is

unavailable in a joint trial.  <u>United States v. Balter</u>, 91 F.3d 427, 432-433 (3d Cir. 1996)

(citing <u>Zafiro</u>, 506 U.S. at 539).

  Here, the defendants will not be unduly prejudiced as a result of being tried

together.  Given that the bulk of the evidence in this case deals with identifiable criminal

acts, there is little chance of confusion or prejudicial spillover.  Each defendant will be

convicted or acquitted by their own actions as displayed in the photographs and/or videos.

The evidence against one defendant is not likely to taint the evidence of another

defendant not named in a particular count of the indictment.  A defendant is not entitled

to severance merely because he would have a better chance of acquittal if tried separately. <u>Zafiro</u>, 506 U.S. at 540.

In conclusion, severance is an extreme remedy that would require wholesale duplication of effort and an unnecessary waste of judicial resources.  For severance, the same witnesses and the same minor victims would have to be called to testify in separate trials.  The same evidence would have to be presented in each case.  Moreover, evidence for some of the severed counts and/or defendants would still be admissible in the separate trials as evidence of the defendants' motive and intent under Rule 404(b), and their propensity to commit the charged crimes under Rule 414.  A cautionary instruction would also assure that the jury would not consider evidence offered against some defendants as to others.  Accordingly, I will deny the defendant's motion for severance.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 07-00040 |
| | : | |
| JOHN JACKEY WORMAN | : | |

## **O R D E R**

**STENGEL, J.**

   **AND NOW,** this   28th     day of August, 2008, upon consideration of the

defendant's motion for severance (Document #70), the government's response thereto

(Document #82), and after a hearing on the motion, it is hereby ORDERED that the

motion is DENIED in its entirety.

                              BY THE COURT:


                               /s/ Lawrence F. Stengel
_____LAWRENCE F. STENGEL, J.