IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | |
| vs. | : | NO. 07-40-01 |
| | : | |
| JOHN WORMAN | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                                 **June   24, 2014**

The defendant is serving a 120 year term of imprisonment following a federal

conviction on fifty-five counts of use of a minor to produce visual depictions of sexually

explicit conduct, and one count of possession of child pornography.  In September 2010,

after pleading guilty in state court to related charges, he was sentenced to seventeen and a

half to thirty-five years' imprisonment.  The defendant is currently being held at SCI-

Dallas in Dallas, Pennsylvania.  He has filed a motion requesting to be returned to federal

custody where various sex offender treatment programs might be available to him.  The

government has responded.  For the following reasons, I will deny this motion in its

entirety.

On January 23, 2006, the Delaware County District Attorney's Office began

investigating the defendant after Chr.B., the younger daughter of co-defendant Dorothy

Prawdzik, reported that she had been sexually abused by the defendant from 1997 to

2002, when she was ten to fifteen years old.  Following a thorough investigation, the

defendant was arrested on February 27, 2006 by the Delaware County authorities on a

criminal complaint sworn out by Detective Sergeant John Kelly.  Upon failure to post the

$1M bail, the defendant was remanded to the Delaware County prison pending trial.

On December 14, 2006, a federal complaint and warrant were issued, and on

January 25, 2007, a federal grand jury returned an indictment which was superseded over

a year later.  The basis for the federal charges arose out of the same incidents that were

charged in Delaware County, but the charges were separate and distinct from the local

counts charged.  After a ten-day trial, a federal jury found him guilty of every offense

charged against him in the superseding indictment.  On August 12, 2009, I sentenced the

defendant to a term of 120 years' imprisonment.

Thereafter, the defendant was returned to local authorities, where he entered pleas

of guilty to the charges in the Delaware County criminal complaint.  He was sentenced in

September 2010 to 17½ to 35 years' incarceration which was to run concurrently to the

federal sentence already imposed.

Notwithstanding his complaints to the contrary, the order in which sentences are

imposed does not dictate the order in which those sentences are to be served.  When

multiple sentences are imposed upon a defendant by different sovereigns, the order in

which those sentences are served is generally determined by the concept of primary

jurisdiction.  See Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982) (citing Ponzi v.

Fessenden, 258 U.S. 254, 260 (1922)).  A sovereign has primary jurisdiction over an

individual if that sovereign was the first to arrest or gain custody of the individual.  See

id.  The sovereign with primary jurisdiction, therefore, has priority over any other

sovereigns in terms of incarceration.  See Thomas v. Brewer, 923 F.2d 1361, 1364 (9th

Cir. 1991) (stating that the primary jurisdiction has priority regarding trial and sentencing as well).  Accordingly, if there is both a federal and state sentence imposed, the sentence imposed by the sovereign with primary jurisdiction is served first, regardless of whether that sentence was imposed first.  See Ponzi, 258 U.S. at 260 ("[T]he court which first takes the subject-matter of the litigation into its control . . . must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.").

Here, the Commonwealth of Pennsylvania is the primary sovereign because it lodged criminal charges against the defendant prior to any federal charge being lodged. Thus, the defendant must remain in state custody because he was originally a state prisoner before being "borrowed" by the United States for violation of its statutes.[1]  A prisoner detained, as here, pursuant to a writ of *habeas corpus ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner.  Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).  Pennsylvania has yet to relinquish its primary jurisdiction over the defendant, and thus he must serve Pennsylvania's sentence in state custody first, despite the imposition of a federal sentence.  When his state sentence in a state facility has been served, the defendant will become eligible for relocation to a federal prison to serve the remainder of

---

[1] See Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded on other grounds by* U.S.S.G. § 5G1.3(c) app. Note 3(E) (2003) ("A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person.  The receiving sovereign -- in this case, the federal government -- is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him).

his 120 year federal sentence.  Accordingly, I will deny the defendant's motion in its

entirety.

An appropriate Order follows.